## EDWARD PHELAN and Another v. J. E. EDWARDS.[1]

November 4, 1910.

Nos. 16,863—(87).

**Parol evidence.**

>    The rule excluding parol evidence to add to or explain a written contract applied.

Action in the district court for Ramsey county to recover $2,599.-55, balance alleged to be due upon a certain contract. The answer admitted the execution of the contract; that some of the work specified in the contract had been performed; that certain sums had been paid to plaintiffs therefor; set out the written release quoted in the opinion, and alleged both parties to it understood defendants would not be obliged to pay plaintiffs any further sum than the $500 named therein. The case was tried before Kelly, J., who ruled that the agreement of August 31, 1908, could not be varied by parol evidence, and operated to prevent any recovery by plaintiffs, and dismissed the case. From an order, overruling plaintiffs' motion for a new trial, they appealed. Affirmed.

*C. D. & R. D. O'Brien,* for appellants.
*How, Butler & Mitchell,* for respondent.

[1] Reported in 128 N. W. 23.

BROWN, J.

In October, 1907, the firm of Foley Bros., Larson & Co. entered into a contract for the performance of certain construction work for the Minneapolis, St. Paul & Sault Ste. Marie Railway Company. Foley Bros. & Larson sublet a part of the work to defendant in this action, who in turn entered into a contract with plaintiffs by which they (plaintiffs) assumed the contract and agreed to perform the same in so far as defendant was obligated by his contract with Foley Bros. & Larson. Plaintiffs thereafter entered upon the performance of the work, and earned, according to the schedule of compensation provided by the contract, something over, so the complaint alleges, $5,000, $2,720.95 of which has been paid. The allegation that plaintiffs performed to the extent of over $5,000 is put in issue by the answer. This action is to recover the balance claimed to be due for the work performed. The action was dismissed on the trial below, and plaintiffs appeal from an order denying a new trial.

The question presented by the record resolves itself into one of the admissibility of parol evidence to vary and explain the terms of a written contract. It appears from the pleadings that in August, 1908, after plaintiffs had partly performed the contract, the parties entered into a second contract, by the terms of which, in consideration of $500 paid by plaintiffs to defendant, the prior contract, by which plaintiffs assumed the obligations of defendant's contract with Foley Bros. & Larson, was "canceled and annulled by consent of both parties." That contract was in writing, and in the following language:

"St. Paul, Minn., Aug. 31, 1908.

"In consideration of the sum of $500 in hand paid by Phelan & Shirley to J. E. Edwards, it is hereby mutually agreed between them that a certain contract entered into between the parties named, dated March 20, 1908, and covering that part of railroad construction work on the Minneapolis, St. Paul & Sault Ste. Marie Railway described in a contract bearing date of October 14, 1907, between Foley Bros., Larson & Company and J. E. Edwards, is hereby canceled and annulled by consent of both parties."

The complaint alleges that, at the time this contract was entered into, defendant, in addition to releasing plaintiffs from further obligations under the prior contract, agreed to pay plaintiffs the balance claimed to be due for work theretofore performed. The written contract of rescission and release was set out in the defendant's answer, in connection with allegations that it was entered into in full release and discharge of all obligations of either party under the prior contract, and the reply admitted the correctness of the contract so set out, but further alleged that it did not contain the entire agreement between the parties.

At the trial plaintiffs sought to prove the agreement, as alleged in the complaint, to pay the amount claimed to be due plaintiffs for work performed. The court excluded the evidence, on the ground that it added to and varied the written contract. Whether this ruling was error is the only question presented.

The action was predicated, according to the allegations of the complaint, upon the alleged express agreement of defendant, made at the time the contract of release was signed and entered into, and not upon rights that might or might not have existed, had the special agreement to pay not been made. Such having been the theory of the complaint, and of the trial below, plaintiffs cannot now shift positions and claim to recover upon some other theory. The case must therefore be disposed of upon the theory of the trial.

Upon a careful examination of the record, we are of the opinion that the ruling of the court below was entirely right. The alleged agreement to pay the balance claimed by plaintiffs to be due them was made, if at all, at the time the written release was made and signed, and as a part of that transaction. It should therefore have been included in that writing. Not having been so included, the rule against varying or adding to written contracts by parol applies. No fraud or mistake in failing to incorporate the special agreement in the writing is claimed.

The authorities cited by plaintiffs, to the effect that, where a contract for labor or services for a time certain is rescinded by mutual agreement, recovery may be had for labor previously performed under the contract, are not in point. As already pointed out, plain-

tiffs' action did not proceed upon that theory, but upon an alleged special agreement to pay, made at the time the written agreement of release was made, and which was not included therein. If plaintiffs had sued for work and labor under the original contract, a very different question would have been presented to the trial court.

Order affirmed.

O'Brien, J., took no part.